**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 26-cv-22581-BLOOM**

JORGE ULISER ROMERO MENCIAS,

  Petitioner,

v.

WARDEN, KROME NORTH SERVICE
PROCESSING CENTER,

  Respondent.

_____/

## <u>ORDER</u>

**THIS CAUSE** is before the Court upon Petitioner Jorge Uliser Romero Mencias's ("Petitioner") Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (the "Petition"). ECF No. [1]. Petitioner challenges his immigration detention at the Krome North Service Processing Center in Miami, Florida, *id.* ¶¶ 2, 5, and seeks release from custody or a bond hearing before an immigration judge, *id.* ¶ 15. Respondent responds that the Petition must be dismissed because, *inter alia*, Petitioner is detained under 8 U.S.C. § 1231(a)(6) and Petitioner has not shown post-removal-order detention in excess of six months under *Zadvydas*. ECF No. [5] at 8-10. Petitioner did not reply. The Court has reviewed the Petition, Response, the record in this case, the applicable law, and is otherwise fully advised. For the following reasons, the Court agrees with Respondent that the Petition must be dismissed as premature.

## I. FACTUAL BACKGROUND

Petitioner is a native and citizen of Honduras. ECF No. [5-2] at 2. On August 24, 2015, Petitioner entered the United States through Laredo, Texas without inspection. ECF No. [5-1] at 3. After entry, Petitioner was encountered by Border Patrol ("BP") and transported to the Laredo South

Station for processing. *Id*. On the same day, BP served Petitioner with a Notice to Appear ("NTA"), which charged him with inadmissibility under 8 U.S.C. § 1182(a)(6)(A)(i), as amended, as an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General. ECF No. [5-4] at 1-2. The NTA was filed with the Executive Officer for Immigration Review in Miami, Florida on November 05, 2015. *Id*. at 1.

On March 09, 2017, Petitioner was arrested in Miami-Dade County, Florida for aggravated battery of a pregnant victim. ECF No. [5-6] at 1. The next day, Petitioner was encountered by Immigration and Customs Enforcement ("ICE"), Enforcement and Removal Operations ("ERO") at the Turner Guilford Knight Correctional Center following his arrest. ECF No. [5-2] at 2. An immigration detainer was lodged against Petitioner, and he was taken into custody on March 13, 2017. *Id*.; *see also* ECF No. [5-7]. On June 15, 2017, Petitioner attended an immigration court hearing where he admitted the allegations in the NTA and conceded the sole charge of inadmissibility. ECF No. [5-6] ¶ 20. The Immigration Judge sustained the charge of inadmissibility. *Id*. ¶ 21. On July 21, 2017, the Immigration Judge granted Petitioner's request for custody redetermination and granted him release on payment of a bond of $7,500. ECF No. [5-8]. Petitioner was released from ICE custody on July 27, 2017, after paying the bond. ECF No. [5-7].

On July 12, 2019, Petitioner failed to appear at his scheduled immigration hearing and was ordered removed to Honduras in his absence. ECF No. [5-10]. Petitioner did not appeal this decision. ECF No. [5-5] ¶ 26.

On March 5, 2026, Petitioner was encountered by ICE ERO during a targeted operation. ECF No. [5-3] at 2. Petitioner's bond was canceled, and he was taken into ICE custody for the purpose of effectuating his removal. ECF No. [5-7]; ECF No. [5-11]. To date, Petitioner remains in ICE custody at Krome North Service Processing Center pending removal from the United States. *See* ECF No. [1]

¶ 2(a). Petitioner brings this action challenging the constitutionality of his immigration detention and seeking release from custody or an individualized bond hearing before an immigration judge. *Id*. ¶¶ 13, 15.

## II.      LEGAL STANDARD

District courts have the authority to grant writs of habeas corpus. *See* 28 U.S.C. § 2241(a). Habeas corpus is fundamentally "a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (citation omitted). A writ may be issued to a petitioner who demonstrates that he is being held in custody in violation of the Constitution or federal law. *See* 28 U.S.C. § 2241(c)(3). The Court's jurisdiction extends to challenges involving immigration-related detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III.     DISCUSSION

Petitioner moves for habeas relief and argues that his detention is unlawful under the U.S. Supreme Court's decision in *Zadvydas*. ECF No. [1] ¶ 13. But Petitioner challenges his post-removal-order detention, which calls for a specific period of detention before seeking relief under established principles of this Circuit. For the reasons stated, Petitioner's request is premature and must be dismissed.

Section 1231(a) applies to aliens who are subject to a final order of removal. *See* 8 U.S.C. § 1231(a). When an alien is ordered removed, "the Attorney General shall remove the alien from the United States within a period of 90 days[,]" which is known as the "removal period." *Id*. Once the order of removal is finalized, the Government should do its best to execute removal during the ninety-day period. *See Zadvydas*, 533 U.S. at 699–701. But sometimes the Government does not timely remove the petitioner, so the indefinite detention of an alien "raises serious constitutional concerns." *Sosa v. Warden, Baker Corr. Inst.*, No. 26-cv-51, 2026 WL 592434, at *2 (M.D. Fla. Mar. 3, 2026). "The Supreme Court in *Zadvydas* held that six months is a presumptively reasonable period to detain

3

a removable alien awaiting deportation." *Id*.

As an initial matter, Petitioner was ordered removed in July 2019. ECF No. [5-10]. Petitioner did not file an appeal with the Board of Immigration Appeals. ECF No. [5-5] ¶ 26. Petitioner's failure to appeal the order of removal within the allotted time renders the removal order final. *Tuslova v. U.S. Att'y. Gen.*, 540 F. App'x 961, 962 (11th Cir. 2014) ("The Petitioners did not file an appeal with the BIA, making the IJ's removal order final." (citing 8 C.F.R. § 1003.39)). And because Petitioner is subject to a final order of removal, he is detained pursuant to 8 U.S.C. § 1231(a) and is not entitled to a bond hearing. *See Johnson v. Guzman Chavez*, 594 U.S. 523, 526 (2021) (noncitizens subject to removal under § 1231 are "not entitled to bond hearings"); *see also Shaikh v. Meade*, No. 21-cv-23752, 2022 WL 84420, at *5 (S.D. Fla. Mar. 22, 2022) ("Given the unambiguous language of the Supreme Court's most recent holding [in *Guzman*] that noncitizens detained for removal under § 1231 are not entitled to a bond hearing, the Court determines that Petitioner is not entitled to a bond hearing.").

To obtain relief from post-removal-order detention under the *Zadvydas* framework, a petitioner must: "(1) show that he's been detained for more than six months; and (2) establish that there's no significant likelihood of removal in the foreseeable future." *Flores-Reyes v. Assistant Field Off. Dir*., No. 26-cv-20226, 2026 WL 406708, at *2 (S.D. Fla. Feb. 13, 2026) (Altman, J.) (citing *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002) ("[T]o state a claim under *Zadvydas* the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future.")).

Here, Petitioner was ordered removed in July 2019, so this challenge is governed by *Zadvydas*. *See* ECF No. [5-10]. Petitioner was taken into immigration custody on March 6, 2026, ECF No. [1] ¶ 11(a), and the instant Petition was signed on April 6, 2026, *id.* at 8. As such, the length of

4

Petitioner's detention is presumptively reasonable under *Zadvydas*, and his request is premature. *Farah v. U.S. Att'y Gen.*, 12 F.4th 1312, 1333 (11th Cir. 2021) ("If after six months he is still in custody and has not been removed from the United States, then he can challenge his detention under section 1231(a). But until then, his detention is presumptively reasonable under *Zadvydas*."), *overruled on other grounds by Santos-Zacaria v. Garland*, 598 U.S. 411, 419-23 & n.2 (2023); *see also Flores-Reyes*, 2026 WL 406708, at *2 (dismissing habeas petition as premature because the post-removal order detention did not exceed six months).

## IV.   CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that:

1. The Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, **ECF No. [1]**, is **DISMISSED** as premature.

2. This case is **CLOSED**, and all pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on May 13, 2026.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies provided to:

Jorge Uliser Romero Mencias, *Pro Se*
A# 208460116
Krome North Service Processing Center
Inmate Mail/Parcels
18201 SW 12th Street
Miami, FL 33194